UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA M. DODD, AARYN JOHNSON, REGGIE HOLDER, GLORIA GARCIA, ROCHELLE KRUGLER, LISA SHERIDAN, MYRIAM CORREA, SCOTT GERMAN, and ANN-MARIE CARLSON, individually and on behalf of all others similarly situated,

      Plaintiffs,

    v.

ADVANCE MAGAZINE PUBLISHERS INC., d/b/a CONDÉ NAST,

      Defendants.

No. 21-CV-8899 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

 Plaintiffs commenced this putative class action against Defendant Advance Magazine Publishers Inc. d/b/a/ Condé Nast ("Condé Nast") for alleged violations of the right of publicity statutes of seven states and Puerto Rico that make it unlawful to use the identity of a person for commercial purposes, such as advertising, marketing, and promotion, without their consent. Before the Court is Condé Nast's motion to dismiss the First Amended Class Action Complaint (the "Complaint"). The motion is granted.

 Condé Nast is a publisher of magazines, including *The New Yorker*, *Vanity Fair*, *GQ*, *Vogue*, and *Allure*. Compl. ¶ 1. Plaintiffs Linda M. Dodd, Aaryn Johnson, Reggie Holder, Gloria Garcia, Rochelle Krugler, Lisa Sheridan, Myriam Correa, Scott German, and Anne-Marie Carlson are subscribers to Condé Nast publications. *Id.* ¶¶ 33-41. According to the Complaint, Condé Nast packages information about its subscribers into what Plaintiffs call "Data Brokerage Products," or subscriber lists that include subscriber names, home addresses, and magazine subscription

preferences, and then sells that information to third parties. The third parties include, according to Plaintiffs, "data miners, data aggregators, data appenders, data cooperatives, list rental recipients, list exchange recipients, and/or list brokers." *Id.* ¶ 2.

Plaintiff Linda Dodd initiated this putative class action alleging one cause of action under the Indiana right of publicity statute, Indiana, Ind. Code § 32-36-1-1, *et seq*. On the same day in a different matter, Tiffani Anderson—represented by the same counsel as Plaintiffs here—filed a substantially similar complaint under Alabama's right of publicity statute against Hearst Communications, Inc., a media conglomerate also alleged to have sold its subscriber lists to third parties.[1] *See In re Hearst Communications State Right of Publicity Statute Cases*, No. 21-cv-8895 (S.D.N.Y. Dec. 15, 2022). Plaintiff in this matter subsequently filed the First Amended Complaint, joining additional named plaintiffs and adding causes of action under seven additional right of publicity statues: Alabama, Ala. Code § 6-5-770, *et seq.*; California, Cal. Civ. Code § 3344; Nevada, Nev. Rev. Stat. § 597.770, *et seq.*; Ohio, Ohio Rev. Code Ann. § 2741.01, *et seq.*; South Dakota, S.D. Codified Laws § 21-64-1, *et seq.*; Washington, Wash. Rev. Code § 63.60.010, *et seq.*; and Puerto Rico, P.R. Laws Ann. tit. 32, § 3151, *et seq. See* Compl. ¶¶ 73–165. Plaintiffs seek statutory damages and injunctive relief in each jurisdiction, as well as punitive damages where available. *Id*. Condé Nast has since moved to dismiss the Complaint, and with the consent of the parties, the Court heard consolidated oral argument with the parties in this matter and in *Hearst*. Earlier today, the Court dismissed the plaintiffs' claims in *Hearst*, finding that they had failed to state a claim under any of the right of publicity statutes.

The claims in this matter are virtually identical to those in *Hearst*. In both cases, the

---

[1] After the plaintiffs in the *Hearst* action filed additional complaints, and the actions against Hearst were consolidated before this Court, the *Hearst* plaintiffs filed a consolidated class action complaint that included nine causes of action under right of publicity statutes in Alabama, California, Hawaii, Indiana, Nevada, Ohio, South Dakota, Washington, and Puerto Rico.

plaintiffs allege that the defendant magazine publishers package subscribers' names and home addresses into "Data Brokerage Products," which they then sell to third parties in violation of the right to publicity statutes of Alabama, California, Indiana, Nevada, Ohio, South Dakota, Washington, and Puerto Rico.[2] Both complaints allege that "[b]y selling products to its Data Brokerage Clients comprised entirely of its magazine subscribers' identities—without their consent—Defendant has violated, and continues to violate, statutes governing the misappropriation of individuals' names" or likenesses. Compl. ¶ 6; Consolidated Amended Class Action Complaint ¶ 6, *In re Hearst*. In all respects relevant to the motion to dismiss, the operative complaints are the same, as are the arguments raised by the parties in both cases. The Court's analysis in *Hearst*, therefore, applies here with equal force.

Accordingly, for the reasons articulated in *Hearst*, Defendant's motion to dismiss is granted. The Clerk of Court is respectfully requested to terminate the motion pending at docket number 24 and close this case.

SO ORDERED.

Dated:   December 19, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[2] In addition to the eight statutes at issue in this action, the plaintiffs in *Hearst* also brought a claim under Hawaii's right of publicity statute.